**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SHALITA TRENEE SCOTT, | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | Civil No. 25-1870-BAH |
| FORD HAMMOND ET AL., | * |
| Defendants. | * |
| | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

Plaintiff Shalita Trenee Scott ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, in the Middle District of Florida. *See* ECF 1. The Middle District of Florida, acting *sua sponte*, transferred the action to the District of Maryland. ECF 3. While the Middle District of Florida denied the motion to proceed in forma pauperis without prejudice, ECF 4, this Court will reinstate and grant the motion.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a

district court may not "conjure up questions never squarely presented"). Here, this action will be dismissed because Plaintiff has not stated a viable federal claim for relief and the Court otherwise lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff brings suit against Ford Hammond, Diriki Scott, Jason Scott, J'Netta Scott, and Matthew J. Scott alleging that the defendants concealed "the true nature of [Plaintiff's] father's estate" and stole what Plaintiff alleges was rightfully hers. ECF 1, at 7.[1] Plaintiff alleges violations of various federal criminal statutes, including 18 U.S.C. §§ 371, 2215, and 2311, as well as the Fifth, Fourteenth, and Fifteenth Amendments. *See* ECF 1, at 4, 5, 10. Plaintiff alleges that the defendants are citizens of Maryland, California, and Georgia. *Id.* at 5–6.

---

[1] Citations refer to the ECF-generated page numbers at the top of each page.

Plaintiff may not bring suit under the federal statutes she cites—all of which are criminal statutes.  As another judge of this Court has explained:

> The Supreme Court has made clear that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chi.*, 441 U.S. 677, 688, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). Federal rights of action, like substantive federal law, "must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979)). "To create a private right of action," the Fourth Circuit has explained, Congress must " 'speak[ ] with a clear voice' and the statute must 'unambiguously' express the intent 'to create not just a private *right* but also a private *remedy*.' " *Clear Sky Car Wash LLC v. City of Chesapeake*, 743 F.3d 438, 444 (4th Cir. 2014) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002)) (emphasis in *Gonzaga*). Where "Congress is silent or ambiguous, courts may not find a cause of action 'no matter how desirable that might be as a policy matter.'" *Planned Parenthood S. Atlantic v. Baker*, 941 F.3d 687, 695 (4th Cir. 2019) (quoting *Alexander*, 532 U.S. at 286-87, 121 S.Ct. 1511). This holds true for federal criminal statutes. *See Doe v. Broderick,* 225 F.3d 440, 448 (4th Cir. 2000); *Fed Sav. & Loan Ins. Co. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987); *accord Tam Anh Pahm v. Deutsche Bank Nat. Trust Co.*, 583 F. App'x 216, 217 (4th Cir. 2014) (mem. opinion).

*McKenzie-El v. Internal Revenue Serv.*, Civ. No. ELH-19-1956, 2020 WL 902546, at *14 (D. Md. Feb. 24, 2020).

The three sections of Title 18 to which Plaintiff cites do note create private rights of action. First, the Court assumes Plaintiff intended to cite 18 U.S.C. § 2315, as 18 U.S.C. § 2215 does not exist.  Section 2315 criminalizes the "recei[pt], possess[ion], conceal[ment], stor[age], barter[ing], s[ale], or dispos[al]" of stolen "goods, wares, or merchandise, securities, or money of the value of $5,000 or more."  18 U.S.C. § 2315.  However, this statute does not provide Plaintiff a private right of action.  *See Boyd v. Wilmington Trust Co.*, 630 F. Supp. 2d 379, 385 (D. Del. 2009). Section 371, also cited by Plaintiff, "criminalizes the act of conspiring to commit a crime against the United States; it does not create a cause of action for individuals alleging conspiracy." *Bey ex rel. Graves v. Richmond Redevelopment and Housing Auth.*, No. 13-cv-464, 2013 WL 4066945,

at *5 (E.D. Va. Aug. 9, 2013) ("[Section] 371 criminalizes a conspiracy to commit any offense against or to defraud the United States, but, by its terms, does not provide for a private, civil cause of action to be brought by a private citizen for a conspiracy against such citizen." (citing *Horn v. Brennan*, 840 F. Supp. 2d 576, 582 (E.D.N.Y. 2011)).  Section 2311 is the "Definitions" section for Chapter 113 of Title 18 and does not itself criminalize any behavior let alone create a private right of action.

Plaintiff's constitutional claims, brought under 42 U.S.C. § 1983, *see* ECF 1, at 4, fare no better.  Section 1983 allows suits against any person acting under color of state law who subjects the claimant to "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983.  "It has been observed that 'merely private conduct, no matter how discriminatory or wrongful[,]' fails to qualify as state action."  *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (additional internal quotation marks and citation omitted) (quoting *Mentavlos v. Anderson*, 249 F.3d 301, 301 (4th Cir. 2001)).  When assessing section 1983 claims brought against ostensibly private actors, courts must "consider the totality of the circumstances of the relationship between the private actor and the state to determine whether the action in question is fairly attributable to the state."  *Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 116 (4th Cir. 2022) (citing *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000)).  "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient."  *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999)).  The Fourth Circuit has summarized the necessary inquiry as testing whether there is "a sufficiently 'close nexus'" between a private actor and the state such that the actions of the former "may be

4

fairly treated" as those of the latter. *Mentavlos*, 249 F.3d at 314 (internal citations omitted) (quoting *Brentwood Acad. v. Term. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Here, Plaintiff's complaint appears to allege wrongdoing only by private actors. There are no allegations that could support an inference that any defendant's alleged conduct could be attributed to the state. Thus, Plaintiff cannot succeed on her federal constitutional claims against the named defendants. Plaintiff has not properly pled a federal question.

To the extent that Plaintiff's allegations could be construed as bringing a claim arising under state law (say, for example, a conversion claim), this Court does not have diversity jurisdiction. Indeed, Plaintiff has not pled diversity jurisdiction, *see* ECF 1, at 5, and for good reason. As Plaintiff has alleged that both she and at least one defendant are citizens of Maryland, *see id.* at 2, 6, there is not complete diversity of citizenship between the parties. The Court therefore does not have diversity jurisdiction. Because Plaintiff has not properly pled a federal claim and the Court lacks subject matter jurisdiction, Plaintiff's complaint must be dismissed.

Accordingly, it is this 24th day of June, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 4, is REINSTATED AND GRANTED;

2. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and

3. The Clerk is directed CLOSE this case and MAIL a copy of this memorandum order to Plaintiff.

_____/s/_____
Brendan A. Hurson
United States District Judge
